UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MG ALIMENTOS, INC., a Texas corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MFC FOOD SERVICE, LLC, d/b/a FULL LINE FOOD COMPANY, a Texas limited liability company; and MINGFA QU, an individual,<br><br>    Defendants. | Case No. **4:20-cv-300** |

**PLAINTIFF MG ALIMENTOS, INC.'S**
**CIVIL ACTION COMPLAINT**

Plaintiff, MG Alimentos, Inc., commences this lawsuit against Defendants to enforce its rights under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, and for damages under federal common law and state law.

## THE PARTIES

1.    Plaintiff is MG Alimentos, Inc., a Texas corporation with its principal place of business located in Houston, Texas.

2.    Defendants are:

    a)    MFC Food Service, LLC, d/b/a Full Line Food Company ("Full Line"), a Texas limited liability company with its principal place of business located in Houston, Texas;

    b)    Mingfa Qu, an individual who upon information and belief resides in this District.

## JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the federal PACA statute, as amended, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. This Court has supplemental jurisdiction to hear Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

5. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events and omissions underlying this lawsuit occurred in this District, and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

7. Plaintiff is licensed by the United States Department of Agriculture, Agricultural Marketing Service ("USDA"), to buy and sell Produce under valid PACA license number 20110434.

8. Between the dates of December 3, 2018, and December 31, 2018, Plaintiff entered into contracts to sell and ship Full Line certain quantities and types of Produce in interstate commerce, for which Full Line agreed to pay Plaintiff the total amount of $59,832.00.

9. Full Line received and accepted the Produce from Plaintiff without objections (the "Transactions").

10. Plaintiff issued and sent invoices to Full Line stating the agreed prices for the kinds and quantities of Produce in each Transaction.

11. Plaintiff's invoices included the required statutory statement on the face of each invoice to preserve its rights as a PACA trust beneficiary of Full Line, as contemplated under 7 U.S.C. §499e(c)(4).

12. Plaintiff's invoices included additional terms for payment of its attorneys' fees and costs in the event any action or proceeding is commenced to enforce the terms of the Transactions, or its PACA trust rights; and, pre-judgment interest accruing at the rate of 1.5% per annum or the maximum amount provided by law, all of which are sums owing in connection with Plaintiff's PACA trust claims.

13. Full Line did not object to the additional terms stated on Plaintiff's invoices.

14. Full Line failed to pay the invoiced prices totaling $59,832.00 for the Produce sold to it by Plaintiff within the agreed payment terms.

15. The principal sum due and owing from Full Line to Plaintiff for the Transactions is $59,832.00, all of which is undisputed and past due.

## CLAIMS FOR RELIEF

## COUNT I: FULL LINE

## BREACH OF CONTRACT

16. Plaintiff re-alleges ¶¶1 through 15.

17. As stated in ¶8, Plaintiff entered into contracts with Full Line for the purchase and sale of the Produce at issue in the Transactions.

18. Plaintiff fully performed all conditions precedent to the agreed contracts.

19. Full Line breached the contracts by failing to pay Plaintiff for the Produce.

20. As a result of Full Line's breaches of the contracts, Plaintiff has suffered damages in the amount of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

21. Plaintiff is entitled to, and seeks entry of judgment in its favor against Full Line in the amount of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT II: ALL DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. § §499e(c)*

22. Plaintiff re-alleges ¶¶1 through 15.

23. Plaintiff sold and shipped Produce to Full Line in interstate commerce, for which Full Line agreed to pay Plaintiff the aggregate sum of $59,832.00.

24. During the Transactions, Full Line was a commission merchant, dealer, or broker subject to PACA, and was licensed by the USDA to buy and sell wholesale quantities of Produce under valid PACA license number 20120978.

25. At the time Full Line received the Produce, it became a trustee of the PACA trust in the amount of $59,832.00 for Plaintiff's benefit. *See*, 7 U.S.C. §499e(c).

26. Plaintiff preserved its rights as a PACA trust beneficiary of Full Line by including the required statutory statement on the face of its invoices, and timely sending the invoices to Full Line. *See*, 7 U.S.C. §499e(c)(4).

27. Full Line failed to pay Plaintiff for the Produce at issue in the Transactions, and there remains a principal sum of $59,832.00 due and owing, all of which is undisputed and past due.

28. By preserving its statutory trust rights under PACA, Plaintiff is a valid PACA trust beneficiary of Full Line in the aggregate sum of $59,832.00, and is entitled to payment from Full Line's assets that are subject to the PACA trust.

29. Plaintiff is entitled to, and seeks entry of an Order declaring that it holds a valid PACA trust claim in the principal sum of $59,832.00 against Full Line, and that additional sums for its attorneys' fees, costs, and interest from the date each invoice became past due must be included in its valid PACA trust claims.

### COUNT III: FULL LINE

### <u>ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS</u>
*7 U.S.C. § §499e(c)*

30. Plaintiff re-allege ¶¶1 through 15, and 22 through 29.

31. The *res* of the PACA trust includes Full Line's inventories of Produce; food or products derived from Produce ("Products"); accounts receivable; proceeds from the sale of Produce or Products ("Proceeds"); and assets commingled with, purchased with or otherwise acquired with Proceeds (collectively, the "PACA Trust Assets").

32. Full Line is in possession, custody, and control of PACA Trust Assets.

33. Full Line must hold the PACA Trust Assets in its possession for Plaintiff's benefit.

34. Full Line failed to use the PACA Trust Assets to pay Plaintiff for the Transactions, and continues to withhold the PACA Trust Assets in violation of federal law.

35. As a result of Full Line's failure to pay Plaintiff from the PACA Trust Assets, Plaintiff has suffered damages in the principal sum of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

36. Plaintiff is entitled to, and seeks an Order directing Full Line to immediately pay to Plaintiff, as a PACA trust beneficiary, PACA Trust Assets equal to the sum of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT IV: FULL LINE

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

37. Plaintiff re-alleges ¶¶1 through 15, and 22 through 36.

38. Full Line received and controlled the disposition of the Produce it purchased from Plaintiff, as stated in ¶8, and the Proceeds or receivables from any sales of the Produce.

39. PACA requires Full Line, as a PACA trustee, to hold the PACA Trust Assets in trust for Plaintiff's benefit, and for the benefit of all other unpaid suppliers and sellers of Produce with valid PACA trust claims, if any, until all have been paid in full.

40. Full Line's failure to pay Plaintiff is evidence that it has not maintained, and does not possess sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including the claims asserted in this lawsuit.

41. Full Line's failure to maintain and protect the PACA Trust Assets from dissipation has resulted in damages suffered by Plaintiff in the amount of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

42. Plaintiff is entitled to, and seeks creation of a common fund from which all PACA trust beneficiaries may be paid by this Court entering an Order:

    a)    Directing Full Line to maintain PACA Trust Assets in the amount of $59,832.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims;

    b)    Directing Full Line to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

    c)    Enjoining Full Line from dissipating PACA Trust Assets.

## COUNT V:  FULL LINE

### FAILURE TO PAY PROMPTLY
*7 U.S.C. §499b(4)*

43.    Plaintiff re-alleges ¶¶1 through 42.

44.    Full Line purchased and received the shipments of Produce at issue in the Transactions, as stated in ¶8.

45.    Under PACA and the Federal Regulations, Full Line must tender full payment promptly to its unpaid suppliers of Produce. *See*, 7 U.S.C. §499b(4); 7 C.F.R. §46.2(aa).

46.    Failure to make full payment promptly to a Produce seller or supplier is unlawful. *See*, 7 U.S.C. §499b(4).

47.    Full Line failed to pay Plaintiff for the Produce at issue in the Transactions within the agreed payment terms.

48.    As a result of Full Line's failure to pay for the Produce promptly, Plaintiff has suffered damages in the amount of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

49. Plaintiff is entitled to, and seeks an Order directing Full Line to immediately comply with PACA and the Federal Regulations by paying Plaintiff the sum of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT VI: MINGFA QU

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

50. Plaintiff re-alleges ¶¶1 through 15, and 22 through 49.

51. During the transactions at issue, Mingfa Qu was an officer, director, shareholder, principal or employee of Full Line.

52. Mingfa Qu is identified on Full Line's PACA license as a reported principal of the company.

53. Mingfa Qu had full knowledge and responsibility for Full Line's operations and financial dealings.

54. Mingfa Qu had a fiduciary duty to ensure that Full Line fulfill its statutory and regulatory duties as trustee of the PACA trust.

55. Mingfa Qu had fiduciary duties to ensure that Full Line maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

56. Full Line breached its statutory and regulatory duties as PACA trustee to maintain sufficient PACA Trust Assets.

57. Mingfa Qu breached his fiduciary duty by failing to ensure that Full Line fulfill its statutory and regulatory duties as PACA trustee.

58. Plaintiff has suffered damages in the principal sum of $59,832.00 from Mingfa Qu's breach of his fiduciary duty, plus interest from the date each invoice became past due, costs, and attorneys' fees.

59. Plaintiff is entitled to, and seeks entry of a judgment in its favor against Mingfa Qu in the amount of $59,832.00, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII: MINGFA QU

## UNLAWFUL RETENTION OF PACA TRUST ASSETS

60. Plaintiff re-allege ¶¶1 through 15, and 22 through 59.

61. Upon information and belief, Full Line transferred some or all of the PACA Trust Assets to Mingfa Qu.

62. Mingfa Qu received the PACA Trust Assets while Plaintiff was unpaid for its Transactions with Full Line.

63. The PACA Trust Assets received by Mingfa Qu belong to Plaintiff.

64. Mingfa Qu received the PACA Trust Assets subject to Plaintiff's PACA trust claims not for value, and with actual or constructive knowledge of Plaintiff's PACA trust rights.

65. Mingfa Qu must hold any PACA Trust Assets in his possession as trustee for Plaintiff's benefit.

66. As a result of Mingfa Qu's receiving the PACA Trust Assets, Plaintiff has suffered damages in the amount of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies it receives from the PACA Trust Assets.

67. Plaintiff is entitled to, and seeks entry of an Order directing Mingfa Qu to disgorge any PACA Trust Assets in his possession or control to Plaintiff to the extent of

$59,832.00, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII:  FULL LINE

## ENFORCEMENT OF DEFAULT ORDER

68. Plaintiff re-alleges ¶¶ 1 through 67.

69. Before commencing this civil action, Plaintiff instituted a reparation proceeding in the USDA under PACA and the Rules of Practice, 7 C.F.R. §§47.1-47.49.

70. On November 20, 2019, the office of the United States Secretary of Agriculture (the "Secretary") entered a Default Order in favor of Plaintiff, and against Full Line in the amount of $59,832.00, plus interest at the rate of 18% per annum from February 1, 2019 through the date of the Default Order, continuing interest at the rate of 1.56% per annum on the amount of $59,832.00 from the date of the Default Order until paid in full, and Plaintiff's $500.00 fee for filing the reparation proceeding.  A copy of the Default Order is attached as Exhibit "A."

71. Full Line failed to pay Plaintiff within 30 days, as required under the Default Order.  *See*, Exhibit "A."

72. Full Line's failure to pay Plaintiff under the Default Order is a violation of PACA, 7 U.S.C. §499b(4).

73. The Default Order may be enforced by Plaintiff in this Court, wherein the findings of the Secretary are prima-facie evidence of the facts stated herein, pursuant to 7 U.S.C. §499g(b).

74. Further, 7 U.S.C. §499g(b) permits Plaintiff to recover the attorneys' fees it incurs for filing this lawsuit to enforce the Default Order.

**FOR THESE REASONS,** Plaintiff requests:

A. On Count I, entry of Final Judgment in Plaintiff's favor against Full Line in the principal sum of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

B. On Count II, an Order declaring that Plaintiff holds a valid PACA trust claim in the principal sum of $59,832.00 against Full Line, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees;

C. On Count III, an Order directing Full Line to immediately pay PACA Trust Assets to Plaintiff in the principal sum of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

D. On Count IV, creation of a common fund from which all PACA trust beneficiaries of Full Line may be paid by entering an Order directing Full Line to maintain PACA Trust Assets in the amount of $59,832.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims, directing Full Line to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Full Line from dissipating PACA Trust Assets;

E. On Count V, an Order directing Full Line to immediately pay Plaintiff the principal sum of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F. On Counts II through V, entry of Final Judgment in favor of Plaintiff against Full Line in the principal sum of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

G. On Count VI, entry of a Final Judgment in favor of Plaintiff against Mingfa Qu in the principal sum of $59,832.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receive from the PACA Trust Assets;

H. On Count VII, an Order directing Mingfa Qu to disgorge any PACA Trust Assets in his possession or control to Plaintiff to the extent of $59,832.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

I. On Count VIII, entry of Final Judgment in favor of Plaintiff against Full Line in the amount of $59,832.00, plus interest at the rate of 18% per annum from February 1, 2019 through the date of the Default Order, continuing interest at the rate of 1.56% per annum on the amount of $59,832.00 from the date of the Default Order until paid in full, its $500.00 fee for filing the Default action, and costs, including reasonable attorneys' fees incurred to enforce the Default Order; and

J. Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted on Monday, January 27, 2020.

**PAGEL DAVIS & HILL, P.C.**

/s/Michael A. Harris

                                                 _____
Michael A. Harris
State Bar No. 24046030
1415 Louisiana, 22nd Floor
Houston, Texas 77002
Tel:    713/951-0160
Fax:   713/951-0662
email: mah@pdhlaw.com

Attorneys for Plaintiff