UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MG ALIMENTOS, INC., a Texas corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MFC FOOD SERVICE, LLC, d/b/a FULL LINE FOOD COMPANY, a Texas limited liability company; and MINGFA QU, an individual,<br><br>　　　　Defendants. | Case No. 4:20-cv-00300 |

## **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In accordance with FRCP 55(b) and Local Rules of this Court, Plaintiff, MG Alimentos, Inc., requests entry of Judgment against Defendants, MFC Food Service, LLC d/b/a Full Line Food Company ("Full Line"), and Mingfa Qu ("Qu"). In support of its Motion, Plaintiff respectfully offers the Declarations of Eddie Cortez, Plaintiff's General Manager, and Attorneys Steven E. Nurenberg, and Michael A. Harris, and states:

### BACKGROUND

On January 27, 2020, Plaintiff initiated this action to enforce its rights under the trust provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e ("PACA") against Defendants. Qu was personally served with the Summons and Complaint on January 30, 2020 [DE 6]. Full Line, a Texas corporation, was served with the Summons and Complaint through its Registered Agent, Qu, on March 2, 2020 [DE 11].

Under Rule 12(a) of the Federal Rules of Civil Procedure, Defendants had 21 days from the date of being served with Plaintiff's Complaint to file responsive pleadings. Despite being properly served, neither Full Line nor Qu has responded to the allegations in Plaintiff's Complaint within the time allowed under the Federal Rules. Default was entered by the Clerk against Qu on February 26, 2020 [DE 10], and against Full Line on April 15, 2020 [DE 14].

Upon information and belief, Qu is neither an infant nor incompetent person, and is not in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. *See*, Declaration of Michael A. Harris, ¶8, filed contemporaneously with this motion ("Harris Declaration").

Accordingly, Plaintiff requests this Court enter Judgment against Full Line and Qu in accordance with FRCP 55(b)(2).

## ARGUMENT

Plaintiff is entitled to the relief requested in its Complaint, and contractually entitled to recover pre-judgment interest on all past due amounts and costs incurred for its collection efforts, including the attorneys' fees itemized in the Declaration of Steven E. Nurenberg ("Nurenberg Declaration"), and the Harris Declaration.

A.  **The merits of Plaintiff' claims against Defendants.**

   1.  **Count I – Breach of Contract**

Count I of the Complaint asserts a Breach of Contract claim against Full Line.  In order to prove a breach of contract claim under Texas law, Plaintiff must show that: (1) a valid contract existed; (2) Plaintiff performed or tendered performance; (3) Full Line breached the contract; and (4) Plaintiff was damaged as a result of Full Line's breach. *See, Winchek v. Am.*

*Express Travel Related Servs. Co.,* 232 S.W.3d 197, 202 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

Here, the parties entered into contracts for Plaintiff to sell multiple shipments of perishable agricultural commodities, or "produce," to Full Line from December 3, 2018, through December 31, 2018. *Complaint*, ¶¶8, 17, 23; Declaration of Eddie Cortez, ¶7 ("Cortez Declaration"). Plaintiff performed under the contracts by shipping the produce to Full Line, and sending invoices to Full Line for the agreed quantities and prices of the produce. *Complaint*, ¶¶8, 10, 18; Cortez Declaration, ¶¶8, 9. Full Line has never denied receiving the produce and invoices, nor has it contested the terms stated on the invoices. *Complaint*, ¶¶8, 13; Cortez Declaration, ¶¶10, 14.

Full Line breached the contracts by failing to pay for the produce supplied by Plaintiff. *Complaint*, ¶¶14, 19; Cortez Declaration, ¶15. As a result of Full Line's breach, Plaintiff has suffered damages in the principal amount of $59,832.00. *Complaint*, ¶¶8, 15, 20; Cortez Declaration, ¶16. Additionally, Plaintiff's invoices included additional terms for payment of interest at the rate of 18% annually on all past due balances, and reimbursement of Plaintiff's incurred costs, including attorneys' fees, in the event of collection. *Complaint*, ¶¶12, 20; Cortez Declaration, ¶¶12, 13. Plaintiff's calculations of accrued prejudgment interest, costs, and attorneys' fees are set forth in ¶26 of the Nurenberg Declaration, and ¶18 of the Harris Declaration, and the documents attached thereto. *See,* Harris Declaration, Ex. "2."

Plaintiff has satisfied the four elements to support its breach of contract claim in the principal amount of $59,832.00, together with taxable costs in the sum of $596.60, attorneys' fees totaling $12,202.00, and contractual prejudgment interest in the amount of $13,867.62

(through April 30, 2020, with a daily per diem of $29.51 each following day), for a total of $83,316.22. Accordingly, Plaintiff is entitled to entry of Judgment on Count I of the Complaint.

### 2. Count II - Declaratory Relief Validating PACA Trust Claim

Count II of the Complaint seeks an Order declaring Plaintiff a valid PACA trust beneficiary of Full Line. Congress amended PACA in 1984, establishing a nonsegregated trust under which a produce dealer holds its produce-rated assets as a fiduciary until full payment is made to the produce seller. *See*, *Tom Lange Co. v. Kornblum & Co.* (*In re Kornblum & Co.*), 81 F.3d 280 (2d Cir. 1996); *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir. 1995). The statutory trust requires a produce receiver (such as Full Line) to hold its produce-related assets, including any receivables or proceeds from sales of produce, as a fiduciary until full payment is made to the seller. 7 U.S.C. §499b(4); 7 C.F.R. §46.46(d)(1).

To be a perfected PACA trust beneficiary of Full Line, Plaintiff must establish that: (1) the commodities sold were perishable agricultural commodities; (2) Full Line was a commission merchant, dealer or broker; (3) the transactions occurred in interstate or foreign commerce; (4) Plaintiff has not received full payment for the transactions; and (5) Plaintiff gave notice of intent to preserve its trust rights to Full Line. 7 U.S.C. §499e(c); *In re Delta Produce, LP*, 521 B.R. 576, 584 *5 (W.D. Tex. 2014), *aff'd in part sub nom. In re Delta Produce, L.P.*, 817 F.3d 141 (5th Cir. 2016), *opinion withdrawn and superseded on reh'g in part sub nom. Matter of Delta Produce, L.P.*, 845 F.3d 609 (5th Cir. 2016), and *aff'd in part sub nom. Matter of Delta Produce, L.P.*, 845 F.3d 609 (5th Cir. 2016). Plaintiff submits that it has satisfied each of these requirements.

First, perishable agricultural commodities are defined as fresh fruits and vegetables of every kind and character, whether or not frozen or packed in ice. 7 U.S.C. §499a(b)(4). Here,

Plaintiff sold mushrooms to Full Line, which satisfy the definition of "perishable agricultural commodity" under PACA. *Complaint*, ¶¶8, 23; Cortez Declaration, ¶7.

Second, Full Line's PACA license issued by U.S. Department of Agriculture demonstrates that it was a commission merchant, dealer, or broker operating with a valid PACA license at the time of the transaction. *Complaint*, ¶24; Harris Declaration, ¶9, Ex. "1."

Third, interstate commerce means produce that crossed state lines or a federal border between the time it was grown and the time it was eaten. 7 U.S.C. § 499a(3), (b)(3) & (b)(8). Courts have interpreted this definition as including any sale made with the expectation of interstate commerce, and it is generally accepted that PACA applies if the commodities involved are of the type typically sold in interstate commerce. *J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc.*, 98 B.R. 47, 50 (Bankr. N.D. Fla. 1989). Here, Plaintiff and Full Line have principal places of business located in the State of Texas (*Complaint* ¶¶1, 2); however, the sales involved mushrooms, which are typically sold in interstate commerce. *Id*. ("To apply the PACA trust protections to out of state suppliers while denying them to in-state suppliers would, rather than advancing the free flow of interstate commerce, create an additional burden on such commerce.")

Fourth, Plaintiff has not received payment for the produce it sold to Full Line. *Complaint*, ¶¶14, 27; Cortez Declaration, ¶15.

Finally, at all times alleged in its Complaint, Plaintiff held a valid PACA license, number 20110434, issued by the U.S. Department of Agriculture. *Complaint*, ¶7; Cortez Declaration, ¶6, Ex. "1." As a PACA licensee, Plaintiff preserved its PACA trust rights by including the required statutory language in 7 U.S.C. §499e(c)(4) on its invoices, and sending the invoices to Full Line. *Complaint*, ¶¶10-11, 26; Cortez Declaration, ¶11.

Plaintiff satisfied the three requirements to preserve its PACA trust rights, and is a valid PACA trust beneficiary of Full Line for a claim in the principal amount of $59,832.00, together with taxable costs in the sum of $596.60, attorneys' fees totaling $12,202.00, and contractual prejudgment interest in the amount of $13,867.62 (through April 30, 2020, with a daily per diem of $29.51 each following day), for a total of $83,316.22  Accordingly, Plaintiff is entitled to entry of Judgment in its favor on Count II of the Complaint.

    3.    **Count III – Payment; Count IV – Common Fund**

Having established the validity of its PACA trust claim, Plaintiff seeks entry of Judgment imposing equitable remedies for enforcement of Full Line's duty to render payment for the produce at issue (Counts III), and creation of common fund (Count IV) from which Plaintiff, and all similar situated trust beneficiaries of Full Line may be paid.

    4.    **Count V – Failure to Pay Promptly**

Full Line purchased and received produce in the principal amount of $59,832.00 from Plaintiff. *Complaint*, ¶¶8, 44; Cortez Declaration, ¶¶7, 10. PACA requires all commission merchants, dealers, and brokers of produce to tender full payment promptly to the seller of those goods. 7 U.S.C. §499b(4); 7 C.F.R. §46.2(aa). Failure to tender prompt payment, i.e. within the payment terms, is a clear violation of PACA.

Here, Full Line is a commission merchant, dealer, or broker that has failed to pay Plaintiff $59,832.00 for produce. *Complaint*, ¶¶14, 24, 47; Cortez Declaration, ¶15. Accordingly, Plaintiff is entitled to Judgment on Count V of the Complaint.

    5.    **Count VI – Breach of Fiduciary Duty; Count VII – Unlawful Retention**

An individual who is in a position to control PACA trust assets and who does not do so has breached a fiduciary duty, and is personally liable under PACA. *Ruby Robinson Co., Inc.*

*v. Kalil Fresh Mktg., Inc.*, 2010 WL 3701579, at *2 (S.D. Tex. Sept. 16, 2010), *aff'd sub nom.*; *Ruby Robinson Co., Inc. v. Herr*, 453 Fed. Appx. 463 (5th Cir. 2011) ("PACA is designed to protect agricultural producers… This purpose would be thwarted by permitting individual shareholders to avoid liability by refusing to protect trust assets over which they had the authority"); *Golman-Hayden Co. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 350 (5th Cir. 2000).

Here, Qu is an officer, director, shareholder, principal or employee of Full Line. *Complaint*, ¶51-52. Qu has full knowledge and responsibility for Full Line's operations and financial dealings. *Complaint*, ¶53. Hence, Qu had a fiduciary duty to ensure that Full Line maintain sufficient PACA trust assets to pay Plaintiff, which he breached. *Complaint*, ¶¶55, 57. Any transfers of PACA trust assets to Qu while Plaintiff has remained unpaid for its sales to Full Line were unlawful, and must be held by Qu for Plaintiff. *Complaint*, ¶¶61-65.

Accordingly, Plaintiff is entitled to entry of Judgment in its favor on Counts VI and VII of the Complaint.

**C.  Plaintiff is entitled to include contractual attorneys' fees and pre-judgment interest with its PACA trust claims.**

The trust provisions of PACA provide that PACA trust assets shall be held by the receiver of the produce in trust for the benefit of the unpaid beneficiary "until full payment of the *sums owing in connection with such transactions* has been received." 7 U.S.C §499e(c)(2) (emphasis added). In the context of PACA, courts have determined that if there is an enforceable agreement between the buyer and seller of produce, then attorneys' fees and pre-judgment interest should be awarded as "sums owing in connection with" the trust transactions. *Coosemans Specialties, Inc. v. Simply Natural,* 485 F.3d 701, 709 (2d Cir. 2007) (quoting 7 U.S.C. § 499e(c)(2) ); *Country*

*Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004) (the PACA statute "unambiguously encompasses not only the price of commodities but also additional related expenses… includ[ing] attorney fees and interest that buyers and sellers have bargained for in their contracts"); *Middle Mountain Land & Produce v. Sound Commodities*, 307 F.3d 1220, 1224 (9th Cir. 2002) ("it cannot be contended seriously that interpreting PACA claims to include contractual rights to attorneys' fees and interest under the '*in connection with*' language of the statute is contrary to the statute's purpose").

Here, an enforceable agreement providing recovery of attorneys' fees and payment of interest exists between Plaintiff and Full Line. Plaintiff's invoices provide that it is entitled to all costs of collection, including attorneys' fees, in the event of collection. *See*, Cortez Declaration, Ex. "2." Plaintiff is entitled to an award of reasonable attorneys' fees and prejudgment interest against Full Line and Qu because these items are set out on the invoices, and are therefore "sums owing in connection with" the underlying transactions.

Accordingly, Plaintiff is entitled to an award of attorneys' fees in the total amount of $12,202.00 and prejudgment interest of $$13,867.62 (through April 30, 2020, with a daily per diem of $29.51 each following day). *See*, Nurenberg Declaration, ¶¶6-28; Harris Declaration, ¶¶16-18, 20.

**D.     Plaintiff is entitled to recover its costs.**

In accordance with FRCP 54(d), costs should be allowed to the prevailing party. Plaintiff has incurred costs of $596.60, which consists of the filing fee of $400.00 and service fee of $196.60. *See,* Harris Declaration, ¶19.

## CONCLUSION

FOR THESE REASONS, Plaintiff respectfully requests this Court enter an Order:

(1) Declaring that Plaintiff has a valid claim under the trust provisions the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e ("PACA") against Defendants, MFC Food Service, LLC d/b/a Full Line Food Company and Mingfa Qu in the amount of $86,316.22; and

(2) Entering Judgment in favor of Plaintiff against MFC Food Service, LLC d/b/a Full Line Food Company and Mingfa Qu in the principal amount of $59,832.00, together with taxable costs in the sum of $596.60, attorneys' fees totaling $12,202.00, and contractual prejudgment interest in the amount of $13,867.62 (through April 30, 2020, with a daily per diem of $29.51 each following day), for a total of $83,316.22, plus post-judgment interest at the rate set forth by 28 U.S.C. §1961, all of which qualifies for protection under PACA, until satisfied, for which sums let execution issue.

Respectfully submitted on Wednesday, April 29, 2020.

**PAGEL DAVIS & HILL, P.C.**

/s/Michael A. Harris
Michael A. Harris
State Bar No. 24046030
1415 Louisiana, 22nd Floor
Houston, TX  77002
Tel:   713/951-0160
Fax:  713/951-0662
email: mah@pdhlaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on Wednesday, April 29, 2020, the foregoing document was filed with the Clerk of the Court.  I further certify that the foregoing document was served via U.S. Mail, on the following:

Mingfa Qu, Individually
MFC Food Service, LLC d/b/a Full Line Food Company

6106 Abercrombie Lane
Sugar Land, TX  77479

                By: /s/Michael A. Harris
                    Michael A. Harris